FILED IN OPEN COURT
11/20/18
TIMOTHY M. O'BRIEN, CLERK
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## District of Kansas
### (Topeka Docket)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                CASE NO.: **18-40072-HLT**

ROBERT CHARLES FRAZIER,

        Defendant.

# PLEA AGREEMENT
## (Fed.R.Crim.P. 11(c)(1)(C))

The United States of America, by and through Jared S. Maag, Assistant United States Attorney for the District of Kansas, and the defendant, Robert Charles Frazier, personally and by and through counsel, Andrew J. McGowan Assistant Federal Public Defender, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.    <u>Defendant's Guilty Plea.</u>    The defendant agrees to plead guilty to Count One of the Indictment, charging a violation of 18 U.S.C. § 2113(a), namely, Robbery of a Credit Union.  By entering into this Plea Agreement, the defendant admits to knowingly committing the offense and to being guilty of the offense.  The defendant understands that

the maximum sentence which may be imposed as to Count One of the Indictment, to which

he has agreed to plead guilty, is not more than twenty (20) years of imprisonment [18

U.S.C. § 2113(a)], a $250,000.00 fine [18 U.S.C. § 3571(b)(3)], or both, a term of

supervised release not to exceed three (3) years [18 U.S.C. § 3583(b)(2)], and a $100

mandatory special assessment [18 U.S.C. § 3013(a)(2)(A)].

    2.    <u>Factual Basis for the Guilty Plea.</u>   The parties agree the facts constituting

the offense to which the defendant is pleading guilty are as follows:

> On August 20, 2018, the defendant, Robert Charles Frazier, entered the Azura
> Credit Union located at 1129 South Kansas Avenue, Topeka, Kansas, within
> the District of Kansas, approached one of the tellers, A.S., and stated "this is a
> robbery, give me your 20s, 50s, and 100s." The defendant repeated his
> demand three times before A.S. provided the defendant with approximately
> $2,200 in United States currency. The defendant was not armed, nor did he
> display any weapon. The defendant exited the credit union, sat down along a
> nearby wall, and was immediately apprehended by an off-duty Topeka Police
> Department officer who was working security at Azura Credit Union.

> Subsequent to his arrest, the defendant provided a post-*Miranda* statement to a
> responding special agent and task force officer of the Federal Bureau of
> Investigation confessing to the robbery of the Azura Credit Union.

> The deposits of Azura Credit Union are federally insured by the National Credit
> Union Administration (NCUA), a fact which the defendant does not contest.

    3.    <u>Proposed 11(c)(1)(C) Sentence.</u>   The parties propose, as an appropriate

disposition of the case, a sentence of 60 months' imprisonment; a 3-year term of supervised

release; and the mandatory special assessment of $100.00. The parties submit that a fine

is not necessary in this case.

      The parties seek this binding plea agreement as an appropriate disposition of the

case because it brings certainty to the sentencing process and assures that the defendant

and the government will benefit from the bargain they have struck if the Court permits itself to be bound by the proposed sentence; the interests of justice are served by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a); and if the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this plea agreement.   This agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense counsel, probation office, U.S. Marshals Service and other law enforcement resources.

4.   <u>Application of the Sentencing Guidelines</u>.   The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines.

5.   <u>Government's Additional Agreements</u>.   In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees to not file any additional charges against the defendant arising out of the facts forming the basis of the present Indictment.

6.   <u>Breach of Agreement</u>.   The government's obligation concerning its agreements listed in ¶ 3 and ¶ 5 is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States.   If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), engages in additional criminal conduct, or provides law enforcement officials with

materially misleading information, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.

In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the United States shall not be bound by ¶ 5 and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred.

In the event the Court finds the defendant has breached the plea agreement the Court can set aside the controlling sentence as specified in ¶ 3 and the parties will be placed back in their original positions held prior to this agreement.

The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings.   The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rules of Criminal Procedure 11(f), Federal Rules of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

7.     <u>Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.</u>   The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within this Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8.   _Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea_
_Agreement and Proposed Sentence_.   On the other hand, if the Court agrees to be bound
by the proposed plea agreement and accepts the defendant's plea of guilty, the defendant
will not be permitted to withdraw it.   Only if the Court rejects the proposed plea
agreement will the defendant be permitted to withdraw his guilty plea.

9.   _Payment of Special Assessment_.   The defendant understands that a
mandatory special assessment of $100.00 will be entered against him at the time of
sentencing.   The burden of establishing an inability to pay the required special
assessment lies with the defendant.

10.   _Waiver of Appeal and Collateral Attack_.   The defendant knowingly and
voluntarily waives any right to appeal or collaterally attack any matter in connection with
this prosecution, the defendant's conviction, or the components of the sentence to be
imposed herein including the length and conditions of supervised release.   The defendant
is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction
and sentence imposed.   By entering into this agreement, the defendant knowingly waives
any right to appeal a sentence imposed in accordance with this proposed Fed. R. Crim. P.
11(c)(1)(C) plea agreement.   The defendant also waives any right to challenge a sentence
or otherwise attempt to modify or change his sentence or manner in which it was
determined in any collateral attack, including, but not limited to, a motion brought under
Title 28, U.S.C. § 2255 [except as limited by _United States v. Cockerham_, 237 F.3d 1179,

1187 (10th Cir. 2001)], and a motion brought under Fed. Rule of Civ. Pro 60(b). However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11.    Waiver of FOIA Request.    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

12.    Full Disclosure by United States.    The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.    This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities.    The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty.    The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies.    The United States further

6

reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

13.   <u>Parties to the Agreement</u>.   The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14.   <u>No Other Agreements</u>.   The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel.   Further, the defendant acknowledges that he has had the plea agreement read to him, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion.   The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.

DATE:  11/20/18

JARED S.MAAG, Ks.S.Ct. No. 17222
Assistant United States Attorney
290 Carlson Federal Bldg.
444 S.E. Quincy St.
Topeka, KS 66683
Ph: 785.295.2858
Fax: 785.295.2853
jared.maag@usdoj.gov

DATE:  11/20/2018

DUSTON J. SLINKARD, Ks.S.Ct. No. 21294
Assistant United States Attorney
Criminal Chief / First Assistant United States Attorney
290 Carlson Federal Bldg.
444 S.E. Quincy St.
Topeka, KS 66683
Ph: 785.295.2858
Fax: 785.295.2853
duston.slinkard@usdoj.gov

DATE:  11/20/18

ROBERT CHARLES FRAZIER

DATE:  11/20/18

ANDREW J. McGOWAN, KS Bar No. 16216
Assistant Federal Public Defender
Counsel for Defendant Rayton
Office of Federal Public Defender - Topeka
117 SW 6th St., Ste 200
Topeka, KS 66603
Ph: 785.232.9828
Fax: 785.232.9886
andrew_mcgowan@fd.org

8